IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

| | |
|---|---|
| *Shivanthi Ahendran v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:12-cv-10573-DRH-PMF |
| *Heather Auxier v. Bayer Corp., et al.* | No. 3:12-cv-10530-DRH-PMF |
| *Kirsti Bryson v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:12-cv-10113-DRH-PMF |
| *Jeneen Cox v. Bayer Corp., et al.* | No. 3:10-cv-13670-DRH-PMF |
| *Ashley Dawson v. Bayer Corp., et al.* | No. 3:12-cv-10527-DRH-PMF |
| *Gina Durfee v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:12-cv-10148-DRH-PMF |
| *Aurora Feagans, et al. v. Bayer Corp., et al.*[1] | No. 3:12-cv-10705-DRH-PMF |
| *Sarah Gross v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:12-cv-20092-DRH-PMF |
| *Janet Hunsinger v. Bayer Corp., et al.* | No. 3:12-cv-10160-DRH-PMF |
| *Tamika Johnson, et al. v. Bayer Pharma AG, et al.*[2] | No. 3:12-cv-10141-DRH-PMF |

---

[1] This Order applies only to plaintiffs Kimberly Francis and Kayla Phillips.

[2] Bayer's motion to dismiss initially applied to all plaintiffs: Tamika Johnson, Anna Lowery, Althea Lynne, Yvonne Smith, and Mary Williams. However, Bayer subsequently withdrew its motion to dismiss the claims of Tamika Johnson and Althea Lynn (3:12-10141 Doc. 7). **Accordingly, this order of dismissal applies only to Anna Lowery, Yvonne Smith, and Mary Williams.**

| | |
|---|---|
| *Breanna Jurgens, et al. v. Bayer Corp., et al.*[3] | No. 3:12-cv-10526-DRH-PMF |
| *Susan Lamb, et al. v. Bayer Pharma AG, et al.*[4] | No. 3:12-cv-10164-DRH-PMF |
| *Shaeleshni Lata v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:12-cv-10014-DRH-PMF |
| *Lee Ann Michaud, et al. v. Bayer Pharma AG, et al*[5]. | No. 3:12-cv-10165-DRH-PMF |
| *Jamie Milligan, et al. v. Bayer Corp., et al.*[6] | No. 3:12-cv-10699-DRH-PMF |
| *Latisha Morrell v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:12-cv-10470-DRH-PMF |
| *Davona Sanders, et al. v. Bayer Pharma AG, et al.*[7] | No. 3:12-cv-10163-DRH-PMF |
| *Lakisha Tutton, et al. v. Bayer Pharma AG, et al.*[8] | No. 3:12-cv-10133-DRH-PMF |

---

[3] This Order applies only to plaintiff Patrycja Wojtas.

[4] Bayer's motion to dismiss initially sought dismissal of plaintiffs Jennifer Baker, Edwina Cummings-Kimura, Jennifer Kirk, and Kelly Olson. Bayer, however, subsequently filed a notice withdrawing its motion to dismiss as to plaintiffs Edwina Cummings-Kimura and Kelly Olson (3:12-cv-10164 Doc. 7). **Accordingly, this Order applies only to plaintiffs Jennifer Baker and Jennifer Kirk.**

[5] Bayer's motion to dismiss initially sought dismissal of plaintiffs Robyn Dorn, Jessica Lockhart, Dawn Martin, Lee Ann Michaud, and Jeanine Wagner. Bayer, however, subsequently filed a notice withdrawing its motion to dismiss as to plaintiffs Jessica Lockhart, Lee Ann Michaud, Jeanine Wagner (3:12-10165 Doc. 7). **Accordingly, this Order applies only to plaintiffs Robyn Dorn and Dawn Martin.**

[6] This Order applies only to plaintiffs Sarahann Davis and Devin Snyder.

[7] Bayer's motion to dismiss initially sought dismissal of plaintiffs Brooke Anderson, Tracy Gardner, Davona Sanders, Shaunta Thomas, and Jonna Wagoner. Bayer, however, subsequently filed a notice withdrawing its motion to dismiss as to plaintiffs Tracy Gardner, Davona Sanders, Shaunta Thomas. **Accordingly, this Order applies only to plaintiffs Brook Anderson and Jonna Wagoner.**

[8] Bayer's motion to dismiss initially sought dismissal of plaintiffs Terran Anderson, Candace Hinkle, Teresa Rubenacker, Lakisha Tutton, and Rachel

### BAYER HEALTHCARE PHARMACEUTICALS INC.'S
### MOTION TO DISMISS WITHOUT PREJUDICE

This matter is before the Court on the Bayer defendants' motion, pursuant to Case Management Order 12 ("CMO 12")[9] for an order of dismissal, without prejudice, of the plaintiffs' claims in the above captioned cases for failure to comply with Plaintiff Fact Sheet ("PFS") obligations.[10]

Under Section C of CMO 12, each plaintiff is required to serve defendants with a completed PFS, including a signed declaration, executed record release authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, the plaintiffs in the above-captioned matters were to have served completed PFSs on or before August 5, 2012. (*See e.g., Ahendran* No.

---

Walker. Bayer, however, subsequently filed a notice withdrawing its motion to dismiss as to plaintiffs Terran Anderson, Candace Hinkle, Lakisha Tutton and Rachel Walker (3:12-10133 Doc. 7). **Accordingly, this Order applies only to plaintiff Teresa Rubenacker.**

[9] The Parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable. CMO 12 § A(2).

[10] Bayer also sought dismissal of *Amanda Johnson v. Bayer Corp., et al.* No. 3:12-cv-10304-DRH-PMF. However, the motion to dismiss as to this member action has been withdrawn.

3:12-cv-10573-DRH-PMF Doc. 8-1).[11] Per Section E of CMO 12, Notice of Overdue Discovery was sent on or before August 27, 2012. (S*ee e.g., Ahendran* No. 3:12-cv-10573-DRH-PMF Doc. 8-2).[12] As of the filing of Bayer's motion to dismiss, Bayer still had not received completed PFS materials from the plaintiffs in the above-captioned matters. As of the filing of this order, the above captioned plaintiffs' PFS materials are more than three months overdue.

Under Section E of CMO 12, the **plaintiffs were given 14 days from the date of Bayer's motion**, in this case 14 days from September 26, 2012, to file a response either certifying that they served upon defendants and defendants received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to defendant's motion.[13]

---

[11] Identical motions were filed in each of the above captioned cases. For ease of reference the Court refers to the motion and exhibits filed in *Ahendran* No. 3:12-cv-10573-DRH-PMF Docs. 8, 8.1, 8.2).

[12] A similar case specific notice of over-due discovery was sent to each of the subject plaintiffs and is attached as an exhibit to Bayer's motion to dismiss in each of the above captioned member actions.

[13] Responses to Bayer's motion to dismiss were due 14 days from September 26, 2012 regardless of any response date automatically generated by CM/ECF. The Court has previously noted in orders in this MDL and during a status conference in this MDL that **when deadlines provided by CM/ECF conflict with orders of this Court, the Court ordered deadline will always control**. *See* **United States District Court for the Southern District of Illinois, Electronic Filing Rules, Rule 3 (The "filer is responsible for calculating the response time under the federal and/or local rules. The date generated by CM/ECF is a guideline only, and, if the Court has ordered the response to be filed on a date certain, the Court's order governs the response deadline.").** The deadlines provided by CM/ECF are generated automatically based on the generic responsive pleading times allowed under the rules and do not consider special circumstances (such as court orders specific to a particular case or issue).

4

To date, none of the subject plaintiffs has filed a response. Because the plaintiffs have failed to respond to Bayer's allegations, the Court finds that these plaintiffs have failed to comply with their PFS obligations under CMO 12. **Accordingly, the claims of the above captioned plaintiffs are hereby dismissed without prejudice.**

The Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless the plaintiffs serve the defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

So Ordered:

Digitally signed by David R. Herndon
Date: 2012.12.03 15:28:29 -06'00'

**Chief Judge**  **Date: December 3, 2012**
**United States District Court**

5